## Illinois Central Railroad Company v. Halterman.

(Decided February 24, 1925.)

### Appeal from Carlisle Circuit Court.

1. Master and Servant—Proof of Injury by Timber Projecting from Train Creates Burden of Disproving Negligence.—In action by one of section crew against railroad, under federal Employer's Liability Act (U. S. Comp. Stats., sections 8657-8665), proof that he was injured by piece of timber falling or projecting from passing freight train held sufficient to shift to railroad burden of disproving negligence, without recourse to doctrine of res ipsa loquitur.

2. Master and Servant—Verdict for Employee Struck by Timber Projecting from Train Held Not Against Evidence.—Where section employee was knocked from motor car by timber falling or projecting from freight train, verdict for employee under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), held not flagrantly against evidence, in view of defendant's evidence as to character of inspections made.

TRABUE, DOOLAN, HELM & HELM, JOHN E. KANE and R. V. FLETCHER for appellant.

BEN S. ADAMS and R. M. SHELBOURNE for appellee.

Opinion of the Court by Commissioner Sandidge—
Affirming.

Appellant, Illinois Central Railroad Company, prosecutes this appeal from a $3,500.00 judgment rendered against it in favor of appellee, Robert Halterman, by the Carlisle circuit court, in an action by him against it for personal injuries.

As appellant's case is presented to us upon the appeal by brief of its counsel, two questions are relied upon as authorizing a reversal of the judgment. It is insisted that the trial court erred in overruling appellant's motion for a peremptory instruction at the close of appellee's testimony and at the close of all the testimony, and that the verdict of the jury is flagrantly against the evidence. The two questions may be considered together.

It appears that at the time appellee was injured he was a member of a section crew employed by appellant engaged in repairing a trestle on its main line of railroad. It is conceded that he was engaged in interstate commerce and the action was brought under the Federal Employers' Liability Act. Work for the day had ceased and the section crew on two motor-propelled cars owned and operated by appellant were returning to their homes at Bardwell, Kentucky. They were proceeding south on appellant's west track at the place. They met and were passing one of appellant's freight trains proceeding north on the east track. Buck Dickerson was sitting on the front end of the motor car on the side next to the freight train. Appellee Halterman was sitting next to him, while others of the section crew sat between them and the rear of the car. While passing the freight train a piece of timber that fell or was projecting from one of the freight cars struck and knocked from the motor car both Dickerson and appellee. Dickerson was instantly killed and appellee was severely injured. With reference to what struck him appellee testified that it was a piece of timber; that before it struck him he saw it in the air between him and the train. Another member of the section crew who sat next to him testified that, while he did not see what it was that struck and knocked appellee and Dickerson from the car, he was conscious of something brushing close by his face just as the two men were knocked from the car. A freshly sawed, 2 by 8 pine board, 16 feet long, was found on the right of way be-

tween the two tracks near where and immediately after the accident occurred. It was used as a stretcher, and the lifeless body of Dickerson was carried home on it. Another piece of timber, the same size and description, was found early the next morning by the section crew as it returned to work between where the accident occurred and Bardwell, the direction from which the freight train approached late the evening before. It was found on the right of way and between the two tracks. No witness save appellant testified to having seen what it was that struck him and knocked him from the car. The testimony, however, leaves no room for doubt, that whatever it was that struck and knocked appellee from the car either fell from or was hanging from the passing freight train. It was shown that there were a number of freight cars in the passing freight train loaded with lumber and some with the same description of lumber as that found near where the accident occurred. The foregoing constitutes a brief summary of the evidence for appellee that his injury resulted from the negligence of appellant.

It is insisted for appellant that the doctrine *"res ipsa loquitur"* does not apply as between master and servant, and that under the Federal Employers' Liability Act the burden of showing negligence is upon the plaintiff, and that there is a total failure of proof of appellant's negligence in this case. In Reed v. N. & W. Ry. Co., 162 Fed. 750, in which Reed, a brakeman for the railroad company, sued to recover for personal injuries received while engaged in the master's service, it was said:

"A resort to the maxim, *"res ipsa loquitur,"* is not necessary when the circumstances of the case, as shown before the jury by the evidence, do point to the responsible human cause of the accident, and tend to show an antecedent fault either of omission or commission, on the part of the master."

It seems to the court that the foregoing quotation clearly points the way to us in this case. It does not seem to the court that appellee has resorted to the doctrine *"res ipsa loquitur"* in this case. The proof for appellee went further than merely to establish that he was injured. It established that he was injured by being struck and knocked from the motor car on which he was riding at a time and place where it is conceded he had the right to be, by a piece of timber falling or projecting

from the freight train he was then passing. As was said by this court in West Kentucky Coal Co. v. Key, 178 Ky. 220:

"While it is true that the doctrine of *res ipsa loquitur* applies in a case of master and servant in a more restricted sense than in a case of carrier and passenger, and the mere breaking of a piece of machinery is not therefore sufficient evidence of negligence to make out a *prima facie* case against the master, yet where the accident results from defective conditions which can be explained on no reasonable hypothesis other than negligence, very slight circumstances independent of the accident itself, which tend to show negligence on the part of the master, will be sufficient to take the case to the jury. L. & N. R. R. Co. v. Allen's Admr., 174 Ky. 736, 192 S. W. 863; Baltimore & Ohio R. R. Co. v. Smith, 169 Ky. 593, 184 S. W. 1108."

The Allen case, cited in the quotation above, quotes at length from Southern Ry. Co. v. Bennett, 223 U. S. 80, as holding to the rule just stated. We cannot conceive of any greater act of negligence on the part of a railroad company than to operate its freight trains with heavy timbers projecting or falling from them. It would be hard to imagine anything more likely to produce death and destruction. The negligence charged in the petition was a general charge that appellant was careless and negligent in operating the train with timber projecting or extending therefrom over the track upon which appellee and the other members of the section crew were riding. We think the facts and circumstances proved in this case clearly bring it within the rule announced above and were sufficient to make a *prima facie* case against appellant and to shift to it the burden of establishing that the condition which brought about the injury to appellee was not the result of its carelessness or negligence.

The engineer, fireman and conductor that operated the freight train from Fulton, Kentucky, to Mounds, Illinois, were introduced as witnesses by appellant. The engineer and fireman both testified that from time to time they looked from the engine back over the train and saw nothing wrong with it. However, there were 51 freight cars in this train, 49 of them being loaded and a number of them being loaded with lumber. It is easy to

understand that no effective inspection of the train and cars loaded with lumber could be made by the engineer and fireman from the cab of the engine. The conductor testified that as the train pulled out of Fulton he inspected it as it ran by him and that everything was all right so far as he could tell. A hot-box caused the train to stop at some point and the engineer and conductor testified that they looked the train over in going to and from the car that had developed the hot-box, but saw nothing wrong. That, however, was but a casual inspection given as they walked along. Following the accident, pursuant to telegraphic directions, the train was held for inspection at Mounds, Illinois. Two of the cars were cut from the train pursuant to that inspection, and while the general testimony of the railroad employes who inspected the train was to the effect that all the cars loaded with lumber were in good condition, both mechanically and as to loading, yet the testimony of some of them was contradicted by previous depositions they had given which tended to establish that the lumber loaded on one of the cars had shifted and that the stakes or standards holding the lumber in place were missing from one end of the car. There was no evidence introduced for appellant establishing a real inspection of this train at Fulton or any intermediate point. The three car inspectors located at Fulton who testified were unable to state whether or not they inspected this particular train or any car in it. The evidence does not disclose where the cars loaded with lumber came from or what inspection was given them to see that they were properly loaded before being incorporated into the train and transported by appellant. Under this state of case we think it very clear that it was for the jury to determine whether or not the injury to appellee was the result of the negligence of appellant. The instructions by which the questions were submitted to the jury are not complained of and we cannot hold with appellant's contention either that there was no testimony of negligence upon the part of appellant or that the verdict of the jury is flagrantly against the evidence.

For the reasons indicated, the judgment herein is affirmed.